## UPSON v. FULLER.

1. **Costs:** APPORTIONMENT OF: PRACTICE. Section 2933 of the Code, providing that in certain cases the court may apportion the costs between the parties, does not apply to those cases in which the cause of action is a single, indivisible claim.

|     |      |
| --- | ---- |
| 43  | 409  |
| 101 | 249  |
| 43  | 409  |
| 102 | 22   |
| 43  | 409  |
| 144 | 696  |

*Appeal from Cerro Gordo Circuit Court.*

MONDAY, JUNE 12.

THIS action was commenced before a justice of the peace and removed by writ of error to the Circuit Court, where the judgment rendered against the plaintiff for a part of the costs, he having recovered in the action, was reversed. Defendant appeals to this court from the judgment of the Circuit Court. The facts of the case appear in the opinion.

*Hartshorn & Flint*, for appellant.

*Miller & Cleggitt*, for appellee.

BECK, J.— THE action was brought to recover the value of a gun which defendant had received from one O'Neil for repairs. The charge for repairing, $16, was tendered by plaintiff. He claimed to recover $80, the value of the gun.

Defendant denied the allegations of the petition, and averred that the gun had been sold by him for his charges incurred in its repair. The justice of the peace upon a trial rendered judgment against defendant for the sum of $31, the amount found by him to be the value of the gun. Thereupon he taxed the costs to each party making them, plaintiff being thus required to pay $41 and defendant $1.10. The ground of this judgment for costs against plaintiff seems to have been his failure to recover the full amount of the value of the gun claimed by him in the action. Upon the writ of error this judgment for costs against plaintiff was reversed, and thereupon, the court having given the certificate required by the statute, the defendant brings the decision of the Circuit Court here for review.

The judgment of the Circuit Court must be affirmed; the taxation of costs as made by the justice is erroneous. Code, § 2933, does not bestow authority upon a court, in a case of this kind, to apportion the costs between the parties. It provides that "when a party is successful as to a part of his demand and fails as to part, unless the case is otherwise provided for, the court may, upon rendition of judgment, make an apportionment of costs." This provision is intended to apply to a case where the party's demand is composed of separate claims, and not where the demand is indivisible, not based upon separate acts or contracts, which was the nature of the claim of plaintiff sued upon in this case.

If the rule contended for by defendant prevailed, a plaintiff's case in a suit upon a contract, or for a tort, or for the recovery of the value of property, would be a hard one. He cannot recover for more than he demands, and would be liable for costs if he recovered less. The law intends to impose no such hardships upon one seeking justice in the courts.

The record before us does not show that plaintiff made unnecessary costs, and for his improvidence in that respect the judgment was rendered against him; it is based solely, as we understand the record and argument of counsel, upon the provision of the Code above cited.

The judgment of the Circuit Court is       Affirmed.