STRAYER v. STONE ET AL.

1. Deed: REFORMATION OF. Equity will not interfere to correct a deed on account of an alleged mistake, unless the fact of the mistake be established by a clear preponderance of evidence.

2. Costs: APPORTIONMENT OF. Where in an action in equity the relief asked is of such a character that a part thereof may be granted, while a part may be refused, the costs may be apportioned equitably between the parties.

*Appeal from Clinton Circuit Court.*

MONDAY, DECEMBER 10.

E. M. DAVIS was the owner of a tract of land near the city of Clinton, through which a public road was located. He sold

and conveyed to the plaintiff a part of said land which he claimed was situated upon one side of the road. It was understood between Davis and the plaintiff that the road was sixty feet wide, and one half of it was to be on the land purchased by plaintiff.

In March, 1868, the plaintiff surveyed and platted his land, and had the plat recorded under the name of "Strayer's addition to the city of Clinton." There was but one block of fifteen lots in the plat. In April, 1870, he sold and conveyed to one Shoecraft "the undivided one-half of lots five to fifteen inclusive," said lots being thus described in the conveyance. He sold and conveyed to other parties lots one two, three and four, describing them by their numbers. In 1873 he sold and conveyed all his remaining interest in said tract of land to the defendants. In the conveyance to the defendants the description of the said real estate was not made by the numbers of the lots, but by metes and bounds, being substantially the same description as that contained in the deed from Davis to plaintiff, but excepting by number lots one, two, three and four, in what was called "Strayer's addition to the city of Clinton."

Lots one to fourteen, inclusive, fronted on the alleged public road. Before the plaintiff sold and conveyed to the defendants he erected a substantial fence along the front of said lots, twelve feet from where he now claims the line of the lots actually is, so that the fence inclosed twelve feet in width of what was claimed to be a public road, and what is now claimed by plaintiff to be a street. Upon this strip of twelve feet plaintiff planted a number of shade and ornamental trees, and built a dwelling house but little more than twelve feet back from the fence. The premises were in this condition when defendants made their purchase and took their conveyance from the plaintiff. The conveyance was by a deed with covenants of general warranty.

The plaintiff commenced this action in equity, to reform and correct the deed upon the alleged ground that, by the recorded plat made by him, the thirty-three feet which was part of the public road was dedicated to the public as a street, and that he did not intend to convey the same, nor did defendants purchase

the same, but by mistake the deed was written so as to describe the whole tract, excepting lots one, two, three and four, when it should have described the property conveyed as the undivided one-half of lots five to fifteen, inclusive, in " Strayer's addition to the city of Clinton."

The cause was submitted to the court upon depositions and record evidence, and a decree was entered modifying and correcting the description in the deed by adding thereto the following exception: "Subject, however, to the use by the public for highway purposes, as used at the date of said deed, of so much of the land described in said deed as lies between the northwest boundary therein mentioned    *    *    *    and the fence as it then stood along and about twenty-two feet south of said boundary." Also excepting all land in front of lots one, two, three and four, excepted in the deed.

It was further decreed that in all other respects the said deed be approved and confirmed, and that the plaintiff should pay one-half the costs, and the defendants the other half. Plaintiff appeals.

*Aylett R. Cotton*, for appellant.

*Chase & Munroe*, for appellees.

ROTHROCK, J.—The cause is triable anew in this court. The agreed abstract is voluminous, and the arguments are elaborate and exhaustive. In addition to the abstract certain plats have been filed in this court for examination in connection with the evidence. A careful investigation of the case has led us to the following conclusions which we will state as briefly as may be without a discussion of the evidence.

I. The land in controversy, at the time it was surveyed and platted, was not within the corporate limits of the city of Clinton, and from the recorded plat submitted for our examination we incline to think there was no dedication of the strip of thirty-three feet in width to the public, as a street. It is not named as a street, upon the plat nor in the accompanying descriptive notes. It is true, there seems to be a space of thirty-three feet in front of the lots, but in view of the fact

that plaintiff claims in his testimony that this strip was part of the public road before the plat was made, and the further fact that he did not in his plat designate it as a street, we think nothing more can be deduced from the plat than a recognition of the right of the public to the thirty-three feet as a road.

II. It was incumbent upon the plaintiff to establish the alleged mistake in the deed by a clear preponderance of evidence. We are of the opinion that in this he has failed. We think the evidence establishes beyond much doubt that the deed was written just as the parties intended it should be. If there was no mistake, or rather if the alleged mistake has not been established by the evidence, the deed cannot be reformed.

1. DEED: reformation of.

    III. It is disclosed in evidence that the defendants before they made the purchase went upon the land and examined it, and supposed that the fence was upon the line of the road, and that they made the purchase in that belief. It was in view of this fact, we suppose, that the court reformed the deed so far as to recognize the existence of a public road or highway, over the strip of twenty-two feet outside the fence, not only in front of the land purchased, but in front of lots one, two, three and four. In our opinion this was fully as favorable a decree as the plaintiff was entitled to ask, in view of the fact that there was at least some ground in the evidence for believing that when the sale was made the plaintiff purposely concealed the fact that the fence was twelve feet beyond where he claimed the street or road to be, fearing a knowledge of this fact by defendants would defeat the sale.

IV. It is urged that the costs of the action should all have been adjudged against the defendants, because the court reformed the deed, and that there was no authority in law to apportion the costs.

2. COSTS: apportionment of.

The case is unlike *Upson v. Fuller*, 43 Iowa, 409, cited by appellant. That was an action for the value of a gun alleged to be worth eighty dollars. The plaintiff recovered the value of the gun, which was found to be worth thirty-one dollars, and all but one dollar of the costs was adjudged against him. This was held by this court to be erroneous be-

cause the claim was entire and indivisible. The plaintiff in that case recovered upon the whole demand, but not in the amount claimed. This action is in equity. The defendants distinctly disclaimed any interest in the land in front of lots one, two, three and four. In their testimony they claimed that they understood the fence was on the line of the road. The plaintiff's demand included a reformation of the deed so as to require the fence to be moved back twelve feet. This was the real matter in controversy. The plaintiff's demand was not indivisible, he was successful in but a small part of his demand, and only in that which defendants did not seriously dispute.

AFFIRMED.