Clute v. Frasier.

## CLUTE v. FRASIER.

1. **Practice in the Supreme Court:** TRIAL DE NOVO. Where a cause was tried in the court below, without objection or exception, as an action in chancery, and all the evidence offered and admitted is preserved, it must be tried *de dovo* in this court as an equity cause.

2. **Promissory Note:** TRANSFERRED AFTER MATURITY. A note transferred after maturity is subject to all the defenses that could be pleaded against the payee.

3. **Equity:** SETTLEMENT SET ASIDE: LAPSE OF TIME. A settlement will not be set aside after the lapse of more than twelve years. In such case equity will regard a claim founded upon an alleged mistake in the settlement as stale, and refuse a remedy for its enforcement.

4. ————: MISTAKE: PAROL TESTIMONY TO VARY WRITING. The rule of law, which excludes testimony of contemporaneous parol agreements to vary or contradict written evidence, prevails in equity; and while chancery will relieve against mistakes, yet to authorize a court of equity to reform a written contract upon parol evidence, the proof must be unquestionable and free from reasonable doubt. Evidence considered and held wholly insufficient to establish a mistake.

5. ————: INDEBTEDNESS: TRUST: SETTLEMENT. Matters of indebtedness growing out of relations of trust and confidence, are subject to adjustment by settlement, the same as claims arising in other transactions.

*Appeal from Des Moines Circuit Court.*

SATURDAY, APRIL 22.

THIS action was commenced at law upon a promissory note. Upon the filing of an answer presenting an equitable defense the action was set down for trial as a chancery case, and was so tried by a referee. A judgment was rendered for plaintiff for the amount of the note and interest, upon the coming in of the referees' report. Defendant appeals.

*Casey & Casey*, for appellant.

*Hammack, Howard & Virgin*, for appellee.

BECK, J.—I. The promissory note upon which the action is brought, was executed in 1874 to Mary A. Dennis, in settlement of certain claims against defendant, held by her as the administratrix of the estate of Eli Dennis, deceased. The claims thus settled were balances due upon a mortgage executed in 1854, and upon two promissory notes, one made in 1865, the other in 1866. These transactions were in the life time of Eli Dennis. The note of 1865 was given in settlement made at that time of a prior claim for money advanced to defendant to purchase a farm, the title of which was held by Dennis, and conevyed to defendant upon the execution of the note.

The defendant in his answer alleges in substance, that he was not indebted to the estate of Dennis when the note in suit was given, that he had in fact overpaid the claims against him, and that the note was given under an agreement made by the administratrix that if any mistake was made in the settlement it should be corrected. The answer sets out with particularity and at great length, the transactions between the defendant and the intestate, their relations of friendship and many other matters.

II. Counsel for plaintiff insist that the answer of defendant does not set up an equitable defense, and that the case, therefore, should be tried here as an action at law upon errors assigned. Without inquiring as to the sufficiency of the facts alleged in the answer to constitute an equitable defense, we hold that as the cause was tried, without objection, or exception in the court below, as an action in chancery, and as the evidence offered and admitted upon the trial is all before us, it must be tried *de novo* in this court as an equity cause. This conclusion is in accord with many decisions which we have announced in similar cases.

1. PRACTICE in the supreme court: trial de novo.

III. The referee in the court below excluded much of the testimony given by the defendant in his own behalf, on the ground that, as it tended to establish personal transactions and

communications between him and the intestate, it is not competent under Code, § 3639.   Counsel for defendant insist that the testimony excluded is not incompetent under the section cited, and that, if incompetent, as no objection was made at the examination of the witness upon this ground, and he was cross-examined by plaintiff, objection to the testimony was thereby waived.   We need not discuss the positions taken by counsel upon this point of the case, for the reasons that plaintiff's counsel do not urge objections to the evidence in this court, and we think the consideration of the testimony by us does not require the reversal of the judgment of the court below.   We are, therefore, not required to pass upon the questions discussed by defendant's counsel.   In our consideration of the case we shall regard as competent all the evidence found in the record.

IV.   The note in suit was transferred to plaintiff after its

*2. PROMISSORY note: transferred after maturity.*

maturity, and is subject to all defenses that could be pleaded against it, were the action brought in the name of the payee.

V.   Having disposed of these preliminary questions we will proceed to the consideration of the merits of the case.

*3. EQUITY: settlement set aside: lapse of time.*

The promissory note in suit, as we have before intimated, was executed in pursuance of a settlement of prior claims held by the administratrix. One of these claims amounting to less than $100, was based upon a note made in 1866.   Defendant admitted that the amount allowed in the settlement on account of this note was correct.   It therefore cuts no figure in the case.

Defendant seeks to set aside the settlement of 1865 upon which the note of that date was given.   If we should regard the note as having no greater force than to witness the statement of the account of the parties at the time, we could not, under the rules of equity, after the great lapse of time, set aside the settlement on the ground of error or mistake. More than twelve years elapsed between the settlement and the commencement of this action.   After laches for so many

years, equity will regard defendant's demand as stale and antiquated and will refuse him a remedy for its enforcement. 1 Story's Eq., section 529 and notes.

VI. But the whole case, including the question relating to the portion of the consideration of the note in suit which 4. ———: mistake: parol testimony to vary writing. we have just considered, in our opinion, is disposed of on the ground of the insufficiency of the testimony under the rules of equity, to authorize the relief sought by defendant.

It will be observed that defendant seeks to defeat the note on the ground that, at the time of its execution, the payee orally agreed that any mistake made in the settlement upon which the note was given should be corrected, and the amount recoverable upon the note should be determined accordingly. The rule of the law which excludes evidence of contemporaneous parol agreements to vary or contradict written instruments prevails in chancery. The agreement relied upon by defendant cannot, therefore, be shown to defeat the note. But equity will relieve against mistakes and in granting such relief a written contract will be varied and reformed upon parol evidence establishing a mistake of the parties executing it. However, to establish by parol evidence a mistake, which will authorize a court of equity to vary or reform a written contract, " the proof must be such as will strike all minds alike as being unquestionable and free from reasonable doubt." The relief will be denied " wherever the evidence is loose, equivocal or contradictory, or is in its texture open to doubt." 1 Story's Eq., section 157.

In our opinion, the evidence before us utterly fails to establish a mistake in the settlement upon which the promissory note in suit was given. It may be said that there is no pretense on the part of defendant that any fraud or concealment was practiced by the persons with whom defendant made the settlement. Defendant does not claim that when he gave the note he was in ignorance of the facts upon which he now relies to establish the mistake. It is true that he and

his wife testify that, when the settlement was concluded, he claimed that it was not correct and that he made objections to signing the note. But there is no pretense that any of the items of indebtedness making up the sum, which is the consideration of the note, were agreed upon in the settlement because of the mistake of either party. The payee of the note, or the persons representing her, who made the settlement, claimed that a certain sum was justly due. Defendant insisted that he had made payments for which he did not have credits. One item of credits thus claimed by him was allowed. The defendant then executed the note, reluctantly as he insists. This is all there is of the case.

It may be here remarked that the testimony relating to the conversation, controversy, and agreements between the parties at the settlement is conflicting, the statements of defendant and his wife being contradicted by the payee of the note and the person acting for her. There are also improbable statements made by defendant, who relies principally upon his own evidence to support his defense. One of them is substantially as follows: One of the items of indebtedness, covered by the settlement and included in the note in suit, was an amount due upon the note executed in 1865, upon a settlement then made. Defendant now insists that there were errors and mistakes in that settlement and that he did not owe the amount of the note then given. This note was in the last settlement and the amount of its face made the basis of defendant's indebtedness thereon. It will be observed that as to the amount found due upon this note, in 1873, defendant alleges that there were two mistakes, one in 1865, and the other at the last settlement. It apppears very improbable that defendant would repeat the alleged mistake, and twice give his note for money he did not owe, and this, too, without any claim that he was ignorant of the facts. This, with other evidence found in the record of like character, "is in its texture open to doubt and to apposing presumptions," and is not sufficient to satisfy the judicial mind

that mistakes were actually made by the parties in the settlement upon which the note in suit was given.

VII. Counsel for defendant insist that a trust relation existed between the intestate and defendant as to the farm, the title of which was held by the former and finally conveyed to the latter in 1865, upon the execution of the note of that date. Conceding counsel's position to be correct, we do not discover that it aids defendant. Matters of indebtedness growing out of relations of trust and confidence are subject to adjustment by settlement the same as claims arising in other transactions. Defendant and the intestate settled their transactions connected with this trust in 1865, and defendant executed a promissory note for his indebtedness then determined. As we have seen, his claim, founded upon the alleged mistake or error in that settlement, is stale and antiquated, and will not constitute the ground of relief in equity.

*5. ——: indebtedness: trust: settlement.*

In our opinion the judgment of the Circuit Court ought to be

AFFIRMED.