## LIBBY v. C., M. & ST. P. R. Co.

1. **Railroads:** NEGLIGENCE: SPECIAL FINDING OF JURY: COSTS. In an action for damages for the killing of a steer through negligence, there was a verdict and judgment for the plaintiff, and the only question certified is: "Is the defendant entitled to judgment for costs on the special findings of the jury." The jury having found that the steer was killed in consequence of the negligence of defendant, it is *held* that the question must be answered in the negative, and the judgment affirmed, although, if the record were such as to justify a review of the case upon its merits, the judgment might properly be reversed.

*Appeal from Howard Circuit Court.*

FRIDAY, DECEMBER 15.

ACTION for damages for killing a steer. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*Noble & Updegraff* and *H. T. Reed*, for appellant.

*Barker Bro's*, for appellee.

ADAMS, J.—The case comes to us upon a certificate which is in these words: "Is the defendant entitled to judgment for costs on the special findings of fact of the jury, and on the whole record of the case?" The plaintiff insists that the certificate presents nothing for our consideration. The last part is certainly improper. It was evidently designed to enable the defendant to present the question as to the sufficiency of the evidence to sustain the verdict. This not only appears from the face of the certificate, but counsel set out the whole evidence, and in their argument insist that it is insufficient to sustain the verdict.

Possibly we might be justified in affirming for want of a proper certificate. But as the first part presents a question of law, and as we are agreed that it should be answered in the negative and the case affirmed, we have thought best to

rest our decision upon its determination. The question is, should judgment have been rendered for the defendant upon the special finding? Those findings are, in substance, that the steer escaped from the pasture on to the railroad track in consequence of a neglect of defendant to keep the fence in repair; that the fence was not suitable to turn orderly cattle; that it was up, however, on the evening previous to the night of the injury, and had got down after the trackmen had passed that evening, and before the steer went through.

If, as was found, the fence got down the evening of the night of the injury, and after the trackmen had passed, it would seem reasonably clear that the company was not in fault for not discovering that it was down, and in not making the necessary repair. So again, if it was thrown down by a third person, or the wind, or some cause to which the insufficiency of the fence did not contribute, we are inclined to think that it could not be said to have got down through the defendant's fault. But we are precluded from supposing that the fence got down for some cause to which its insufficiency did not contribute, because the jury found that the steer escaped in consequence of the neglect of the defendant. This finding justifies the inference that the fence got down by reason, in part at least, of its insufficiency. If such was the fact, it is immaterial how late the fence was up before the steer escaped.

We ought perhaps to say that, strictly considered, there is not enough in the special findings to justify a judgment for the plaintiff. Every allegation of the plaintiff's petition was denied. The jury did not find that the plaintiff's steer was injured. But the case having been presented in argument by counsel on both sides upon the supposition that the defendant was liable if the steer escaped by reason of the insufficiency of the fence, we have thought that we ought to determine the case upon the same supposition.

REVERSED.