## CUMMINS v. MONTEITH.

1. **Evidence:** REFORMATION OF WRITTEN CONTRACT. Under the rule that, when it is sought to reform a written instrument on the ground of fraud or mistake, the evidence must be clear, satisfactory, and conclusive, *held* that the evidence in this case warranted the district court in reforming the notes and mortgage in question, as done by its decree, which is affirmed.

*Appeal from Appanoose District Court.*

FRIDAY, SEPTEMBER 21.

THIS is an action in equity to reform certain promissory notes and a mortgage given to secure the payment thereof. There was an answer in denial of the allegations of the petition, and a cross-petition, in which the defendants sought to reform the notes and mortgage in certain particulars. The cause was tried upon written evidence, and a decree was rendered for the plaintiff. Defendant appeals.

*Tannehill & Fee,* for appellant.

*Vermillion & Vermillion,* for appellee.

ROTHROCK, J.—The plaintiff was the owner of a farm of one hundred and ten acres, and the defendant, William H. Monteith, was the owner of a house and some lots in the

village of Genoa, Wayne county. The defendant went to the plaintiff's house on the farm, and proposed an exchange of property. After some negotiations, it was agreed that plaintiff should convey the farm to the defendant, and he (defendant) should convey to plaintiff the village property, and pay to plaintiff the sum of $1,500, to be secured by a mortgage upon the farm. Afterward, and on October 13, 1877, the parties met at the house of the father of the defendant, who was a notary public, and he made the conveyances between the parties. The notes for the $1,500 boot money were drawn as follows: One note for $200, payable January 1, 1878, and one other note for a like amount payable January 1, 1879; one note for $300, payable January 1, 1881, with 10 per cent after date; one for $200, payable January 1, 1882, with 10 per cent after due; and one for $600, payable January 1, 1884, with 10 per cent after date. There is no controversy as to the two first notes, they having been fully paid. The plaintiff claims that by mistake, or by the fraud of the defendant, the notes did not comply with the contract in this—that all of said notes were dated January 1, 1878, when they should have been dated October 13, 1877, and that all of the notes should have been so written as to draw interest at 10 per cent per annum from this date, payable annually. The mortgage described the notes as dated October 13, 1877, and each bearing 10 per cent interest *after due.* The plaintiff claimed that the mortgage should be reformed to correspond with what he claimed the notes should be. The defendant, by his cross-petition, claimed that, according to the contract of the parties, none of the notes were to draw interest until after due, and he asked that the notes and mortgage should be reformed accordingly. The decree reformed the instruments so that the notes should all draw interest at 10 per cent from their date, which was January 1, 1878.

A large number of witnesses were examined by the respective parties, and we have examined the evidence with care.

It covers a wide scope, including the value of the property owned by the parties respectively, the direct evidence as to what the contract of the parties was, and admissions and declarations of the parties made to others, besides evidence on many other questions. We will not attempt to set out the facts testified to by the witnesses. It is wholly unnecessary to do so. It is sufficient to say that we think the decree is correct, and should be affirmed. We do this after mature deliberation upon the whole record, and mindful of the rule that the evidence necessary to reform written instruments must be clear, satisfactory, and conclusive.

AFFIRMED.