Stewart v. McArthur.

STEWART v. McARTHUR et al.

1. **Deed:** MISTAKE: WHETHER AS TO CONSIDERATION OR ESTATE GRANTED. Where an agreement for the sale of land provides for a certain sum to be paid therefor, and reserves to the grantor and his tenants the crops growing on the land, and the right of possession until the crops can be harvested, but such reservation is omitted, by mistake, from the deed, the mistake relates to the estate conveyed, and not to the consideration to be paid.

2. ———: ———: REFORMATION: EVIDENCE. The evidence offered in this case (see opinion) to prove plaintiff's claim that, in the agreement for the sale of land to defendants, the growing crops were to be reserved to himself and tenants, together with the right of possession until such crops could be harvested, and that such reservation was by mistake omitted from the deed, held not to be of that clear and satisfactory character which is necessary for the reformation of a written instrument.
[BECK, J., dissenting.]

*Appeal from Lee District Court.*—HON. J. M. CASEY, Judge.

FILED, FEBRUARY 5, 1889.

THIS is an action in equity to reform a deed, and to recover damages for the alleged wrongful entry upon the premises conveyed by the deed, and the destruction of crops growing thereon. The district court rendered

a decree reforming the deed as prayed, and awarding to plaintiff damages in the sum of one hundred and seventy dollars. The defendants appeal.

*Anderson & Davis,* for appellants.

*Craig, McCrary & Craig* and *S. M. Casey,* for appellee.

ROBINSON, J.—In June, 1887, the defendant James McArthur purchased of plaintiff a tract of land which contained about eighty acres, for the agreed price of fifty dollars per acre. The sale was negotiated by one Mitchell as the agent of plaintiff, and by one Gilchrist as the agent of McArthur. When the negotiations were concluded, Gilchrist delivered to Mitchell a check for the purchase price, and received in return a writing, of which the following is a copy:

"FT. MADISON, IOWA, June 8, 1887.

"This is to certify that I am agent of Charles Stewart, and have authority to sell the east half of the northeast quarter of section 14, township 67, range 5, Lee county, Iowa, seventy-six and forty-four one-hundredths acres, at fifty dollars per acre, and have sold the same to James McArthur for $3,822, and have received a check for the same.

"[ Signed ]                    MITCHELL."

This writing and the check were deposited in bank, to be there left until the deed and an abstract of title should be made and deposited in the bank. The deed was executed on the tenth day of June, 1887. It was in form an ordinary deed of conveyance, without reservation. It recited a consideration of $3,822, and contained the following: "And I hereby covenant with the said James McArthur that I hold said premises by good and perfect title; that I have good right and lawful authority to sell and convey the same; that they are free and clear of all liens and encumbrances whatever; and I covenant to warrant and defend the title to the said premises against the lawful claims of all persons whomsoever."

The check was paid and the deed delivered on the thirteenth day of June, 1887, and on the same day McArthur took possession of the land. At that time a railway divided the land into two parts. That north of the right of way included about sixty-five acres, and was cultivated by tenants of plaintiff, who had crops growing thereon. The part south of the right of way was cultivated by plaintiff. Plaintiff purchased from his tenants their right to the crops north of the track, as he alleges, "about the twelfth and fifteenth days of June." It seems to be conceded that McArthur purchased the land to remove therefrom earth to use in constructing railway embankments, but it is not shown what was done on the land, or what crops, if any, were injured or destroyed. It was agreed by the parties to the suit that if plaintiff was found to be entitled to recover, the amount of his recovery should be the sum he paid to his tenants for their crops.

I. It is claimed by the plaintiff that the consideration expressed in the deed was not the actual consideration for the conveyance, but that a part of the consideration was the reservation to plaintiff and to his tenants of all growing crops on the premises conveyed, and the right of possession of said premises until the crops were matured and could be harvested ; that such reservation should have been expressed in the deed, and that the parties thereto intended to so express it ; but that it was omitted by accident and mistake. Plaintiff also claims that on or about June 15, 1887, defendants took possession of the premises, and destroyed growing crops of the value of two hundred and fifty dollars. The alleged reservation could have been made a part of the agreement of sale, but it is evident that it was not a part of the consideration McArthur was to pay for the land. He was not entitled to the possession of the premises excepting by virtue of the deed in controversy ; hence the right to the possession until the crops should have matured and been harvested could not have passed from him to plaintiff as a part of the consideration for the

1. DEED : mistake : whether as to consideration or estate granted.

deed. If the claim of plaintiff in regard to the agree-
ment of sale be true, then the deed in terms conveyed a
greater estate than the parties thereto had intended to
transfer thereby, and the mistake related to the interest
conveyed by plaintiff, and not to the consideration to
be paid by McArthur.

II. There is some conflict in the evidence as to the
agreement of sale. Mitchell testifies that McArthur

2. —: —: was to pay fifty dollars per acre, and have
reformation: immediate possession of that portion of the
evidence. land situate south of the railway, but that
the growing crops on the north side of the railway
were reserved; and that the understanding he had was
that the renters occupying the ground on the north
side of the track were to be permitted to finish cul-
tivating and harvesting the crops. He is contradicted
as to the alleged reservations by Gilchrist, who testifies
that nothing whatever was said during the negotations
in regard to reserving the crops; that at one time the
crops were mentioned, but that Mitchell said "they
would not quibble about that." No one but Mitchell
and Gilchrist was present when the agreement was made;
and, if there were no other evidence than their testimony,
plaintiff would necessarily fail in this action. But
Gilchrist is corroborated by the memorandum of agree-
ment which we have set out, and by the deed in question.
Neither of those instruments suggests any reservation,
but both tend to prove that there was none. Plaintiff
testifies that in giving Mitchell the terms of sale he
instructed him that if defendants were to enter into
possession of the lands on the north side of the track,
they were to pay the tenants for the damage done to the
crops, but Mitchell does not claim to have made that
condition a part of the agreement. Both plaintiff and
Mitchell testify that Gilchrist admitted to them, after.
the agreement was made, that it reserved the crops; but
this is denied by Gilchrist. It appears that a few days
before the agreement was made, or during the latter
part of the month of May, 1887, the land in controversy
was offered to defendants at forty dollars per acre, but

was refused, because their agent thought it was not properly situated. It also appears that plaintiff commenced purchasing the crops of his tenants before the deed was delivered, and before any question as to the alleged reservation was raised. These facts tend to corroborate the claim of defendants that the crops were not to be reserved, but were included in the price paid. Before the reformation of a written instrument will be decreed on parol evidence the alleged mistake must be established by clear and satisfactory evidence. *Wachendorf v. Lancaster*, 61 Iowa, 509, and cases therein cited; *Clute v. Frasier*, 58 Iowa, 271; *Gelpcke v. Blake*, 15 Iowa, 389. In our opinion the evidence in this case entirely fails to meet the requirements in such cases, and the district court erred in decreeing a reformation of the deed. The conclusion we have reached renders a consideration of other questions discussed by counsel unnecessary. The decree of the court below is

REVERSED.

BECK, J. (*dissenting*).—I. It is not disputed that the land was bought by defendants for the purpose of procuring therefrom earth and sand to make a fill upon a railroad which was being constructed, and which runs through the land. It was planted in crops, and a part of the land had been rented, and was occupied and cultivated by plaintiff's tenants. These facts seem to have been known to the principals and agents. Plaintiff alleges that, in the contract of purchase and sale, defendants agreed that if they entered upon the land rented they were to pay the tenants the damages done the crops. The plaintiff was to harvest the crops on the part of the land cultivated by himself, if he could do so before defendants wanted possession of it; if he could not, they were to destroy the crops. About sixty-five acres of the land were rented, and twelve cultivated by plaintiff. The agent of plaintiff making the sale testifies that the contract was made as claimed by plaintiff; while defendants' agent testifies that there was no agreement to compensate plaintiff's tenants in case defendants

occupied the land. Plaintiff testifies that he authorized his agent to make the sale on these terms, and the defendant, who employed the agent to do the business, declares that nothing whatever was said to him upon that point. The direct evidence *pro* and *con.* on the point is nearly balanced, with preponderance for plaintiff. But the preponderance of the corroboration is on the side of plaintiff. Plaintiff and his agent both claimed, almost immediately after the contract of sale was made, that it was upon the terms indicated. This claim was made to defendants' agent, who did not deny it, as these two testify. It is true that he testifies to the contrary; but here there are two against one. The plaintiff's testimony, in our opinion, is corroborated on this point by the facts of the case. The defendants could not have, under the law, interfered with the tenants' possession. The sale was subject to their lease. Plaintiff purchased the tenants' rights two or three days after the deed was made. Defendants do not claim that plaintiff agreed to make this purchase of the tenants for defendants' benefit. Their witnesses testify to the effect that no agreement was made in regard to the tenants' possession, and that nothing whatever was said about it. In view of the fact that as the use to which defendant intended to devote the land, which was known to plaintiff, would require the destruction of the crops, it seems to us that intelligent and prudent men, as these parties doubtless are, would have arranged in their contract therefor, and plaintiff, in the absence of any agreement binding him to pay the tenants, which is not claimed, would not have paid them unless the defendants had agreed to reimburse him as he now claims. In view of all these considerations, we reach the conclusion that the preponderance of the evidence supports plaintiff's theory in the case. We therefore find that defendants did agree to pay the value of the tenants' crops.

II. The action is brought to reform the deed as to the consideration, and to recover the sum paid the tenants as a part of the consideration for the sale of the land.

We think it is wholly unnecessary to reform the deed in order to establish and recover the true amount of the consideration, which can be shown without being regarded as contradicting the deed. *Trayer v. Reeder,* 45 Iowa, 272; *Puttman v. Haltey,* 24 Iowa, 425; *Day v. Lown,* 51 Iowa, 364. When the consideration is thus shown, and it is made to appear that the grantor has not received the full amount thereof, he has established a cause of action against the grantee for the sum remaining unpaid.

III. But if it be held that the obligation of defendants to pay for the crops taken and destroyed does not pertain to the consideration for the land, but is another and distinct contract, plaintiff nevertheless has the right to recover thereon in an action against defendants.

IV. In this case, as we find the facts, plaintiff has established a right to recover against defendants. His action thereon, it is true, could or should have been prosecuted at law; but as no objection was made at any time based upon that ground, the parties will, under familiar rules recognized by decisions of this court, be regarded as having waived it, and the plaintiff may recover in this action. The decree of the district court in, my opinion, ought to be affirmed.