THE FIRST PRESBYTERIAN CHURCH OF LOGAN v. LOGAN *et al.*

Deed: REFORMATION: EVIDENCE REQUIRED. Courts will never give relief by the reformation of a deed, or annul or set aside deeds, on the ground that they do not conform to the contract of the parties, unless the evidence is clear and satisfactory, and establishes plaintiff's right beyond reasonable doubt. (See cases cited in opinion.) And in this case, where plaintiff claims that it bargained for and purchased more ground than the deed described, and seeks to have the deed reformed, or set aside and a new one decreed, *held* that the evidence (for which see opinion) did not warrant the relief sought.

*Appeal from Harrison District Court.*—HON. C. H. LEWIS, Judge.

FILED, MAY 11, 1889.

ACTION to quiet the title of certain town lots in plaintiff. After a trial upon the merits, plaintiff's petition was dismissed. It now appeals to this court.

*J. W. Barnhart*, for appellant.

*Charles MacKenzie*, for appellees.

BECK, J.—I. The defendant Logan, in 1877, soon after the organization of plaintiff, conveyed to it certain lots in the town of Logan, to be used for the erection thereon of plaintiff's house of worship. The block in which the lots were located had been, about a year before the sale, divided anew, so that the new lots were of sizes, descriptions and designations different from the lots as they were under the original subdivision. The property was enclosed with a fence, which we understand was erected before the new subdivision, and conformed to the old. The conveyance to plaintiff described the property according to the new subdivision, which divided the ground in controversy into five or six lots, instead of two and a fraction of another, according to the original plat. The ground conveyed did not equal in quantity the area of the two lots and fraction.

II. Plaintiff claims that it bargained for, and bought of defendant Logan, these two lots and the fraction, but he conveyed to it lots described according to the new subdivision, which did not cover as much ground as it bought and paid for. Logan conveyed the part of the land claimed by plaintiff, which is not covered by the deed to it, to other parties, who claim to be good-faith purchasers, without notice of plaintiff's claim. Logan denies the bargain and contract as claimed by plaintiff, and avers that they were made to accord with the description of the lots as set out in the new subdivision, and that the deed conveys the land actually contemplated in the bargain and contract of plaintiff. The issue thus presented involves a question of fact, which, in our opinion, is decisive of the case, namely, did Logan bargain and sell to plaintiff the land claimed by it?

III. The evidence upon this question is conflicting. One of the trustees of the plaintiff, who made for it the contract of purchase, testifies with positiveness that there was a written contract prior to the deed, describing the lots according to the old plat. Other trustees do not know that there was a written contract. They

never saw it, and have no knowledge on the subject. They think there was an agreement to purchase the lot which was enclosed. It may be conceded that all the trustees and one or two others give evidence tending more or less strongly to support plaintiff's claim. Logan testifies positively that there was no such contract as claimed by plaintiff and its trustees; that he bargained and sold the lots according to the new subdivision, which was understood by those attending to the business for the plaintiff. He is corroborated to some extent by circumstances, but the strong corroboration is the fact that the deed was made in conformity to the new subdivision, and described the lots just as Logan testifies they were bargained to plaintiff. This deed was delivered to, and accepted by, plaintiff without objection, and no claim contrary to its terms was made for about ten years, when the part of the land in dispute was occupied by persons claiming under Logan.

The plaintiff seeks in this case to set aside the deed, and asks the court to require Logan to reconvey the property according to the old plat, or that the deed be so reformed that it will convey the property claimed by plaintiff; but the courts will never give relief by the reformation of a deed, or annul and set aside deeds on the ground that they do not conform to the contract of the parties, unless the evidence be clear and satisfactory, and establish plaintiff's right beyond reasonable doubt. *Gelpcke v. Blake*, 15 Iowa, 387; *Jack v. Naber*, 15 Iowa, 450; *Tufts v. Larned*, 27 Iowa, 330; *Wachendorf v. Lancaster*, 61 Iowa, 509; *Hervey v. Savery*, 48 Iowa, 313; *Clute v. Frasier*, 58 Iowa, 268. Under this familiar rule we cannot interfere with the decree of the district court. We cannot reach a conclusion satisfactory to us, and which we can entertain free from the gravest doubts, that plaintiff did bargain for and buy any other lots than those described in the deed. The decree of the district court must therefore be

AFFIRMED.