ELIZABETH WEST, Appellee, v. ISAAC WEST and FLORENCE WEST.

90   41
92   392
90   41
99   41
90   41
123   634

Trial de Novo: NO MODIFICATION FOR PARTY NOT APPEALING. While this court will, on the trial of an equity cause on appeal, examine the whole record to determine the decree that should be entered, and while the findings of the district court are no limitation upon its course of procedure, yet, where one party against whom some issue was found indicates by not appealing that he is satisfied with the judgment, it will not be modified in his favor. (2)

REFORMATION: EVIDENCE. Facts stated, and held sufficient to warrant the reformation of a deed made by an old and infirm mother to her son. (3)

*Appeal from Decatur District Court.*—HON. W. H. TEDFORD, Judge.

MONDAY, JANUARY 29, 1894.

ACTION in equity to reform a deed. Judgment and decree for plaintiff. Defendants appeal.—*Affirmed.*

*McIntire Bros. & Jamison* and *C. W. Hoffman* for appellants.

*E. W. Curry* and *Harvey & Parrish* for appellee.

KINNE, J.—I.   The conceded facts in this case are that on and prior to April, 1888, plaintiff was the owner of seventy-seven acres of land in Decatur county, Iowa; that plaintiff is the mother of defendant Isaac West; that said defendants are husband and wife; that on and prior to April 1, 1888, plaintiff was indebted to her son, Jefferson West, in the sum of four hundred dollars, which she desired to pay; that she had offered to dispose of this land to her son, Charles West, if he would pay this debt; that on April 21, 1888, plaintiff executed to defendant Florence M. West a warranty deed for the land; that defendant Isaac West paid the four hundred dollars to his brother, Jefferson West, for his mother; that defendant entered into possession of the land, and tilled the same, and, through his wife, has ever since been in possession of it. The deed contained this provision:   "The grantor reserves one half of all crops raised on the land until her death, at which time the title shall fully revert to said Florence M. West." Plaintiff claims that she never signed the deed containing said provision; that same, including her signature and the acknowledgment, was forged. She also claims that the provision heretofore set out, and which is found in the deed introduced in evidence, was not the real contract of the parties, and that same

was fraudulently written in said deed without her knowledge. She prays that the deed be reformed in accordance with the real agreement of the parties. Defendants deny the forgery alleged, deny that the provision referred to was fraudulently inserted in the deed, and claim that the deed, with said provision, is as it was originally drawn, and that same expresses the agreement of the parties as in fact made. The court below found against the plaintiff as to the claim of forgery, and against the defendants as to the fraud, and reformed the instrument by striking out the provision heretofore referred to, and inserting in lieu thereof the following words: "And the said grantor reserves the entire and absolute control of the above described premises until her death." Judgment was entered against plaintiff for costs of all witnesses who were called upon the question of forgery alone, and against defendants for all other costs. No exception was taken by plaintiff, but defendants excepted, and appeal from so much of the judgment and decree as is against them.

II. Counsel say but little upon the question of the forgery, upon which the court below found against plaintiff. It is, however, contended on the one hand, that the case is here for trial *de novo*, and hence we must consider that question, though plaintiff has not appealed from the finding and judgment against her. Appellants contend that, not having appealed, the plaintiff is concluded from questioning the correctness of the court's holding against her. We have held that, "on the trial of an equity case on appeal, this court examines the entire record, to determine the decree that should be entered, and the findings of the district court are no limitation upon its course of procedure. It considers the case anew, and directs judgment in accord with its finding, except that, where one party indicates, by not appealing, that he is satisfied with the judgment, it will not be modified in his favor. *Smith*

*v. Knight,* 88 Iowa, 257, 55 N. W. Rep. 196. As the above case fully discusses this question, we need not further consider it. We have, however, examined this branch of the case, and are fully satisfied with the finding of the district court thereon.

III. The plaintiff's claim is that the contract between her and her son Isaac was that he should pay the four hundred dollars, and she would deed him the land, she to have the full and absolute control of the land during her natural life. Perhaps the rule as to the character of the evidence required in cases of this kind is the most strongly put in *Cummins v. Monteith,* 61 Iowa, 541, 16 N. W. Rep. 591, where it is said that the evidence "must be clear, satisfactory and conclusive." See, also, *Gelpcke v. Blake,* 15 Iowa, 387; *McTucker v. Taggart,* 29 Iowa, 479; *Harvey v. Savery,* 48 Iowa, 319; *Clute v. Frasier,* 58 Iowa, 268, 12 N. W. Rep. 327; *Strayer v. Stone,* 47 Iowa, 336; *Wachendorf v. Lancaster,* 61 Iowa, 509, 14 N. W. Rep. 316, and 16 N. W. Rep. 533; *Hunt v. Gray,* 76 Iowa, 272, 41 N. W. Rep. 14; *Stewart v. McArthur,* 77 Iowa, 162, 41 N. W. Rep. 604; also, *Presbyterian Church v. Logan,* 77 Iowa, 326, 42 N. W. Rep. 310. A learned writer says: "Courts of equity do not grant the high remedy of reformation upon a probability, nor even upon a mere preponderance of the evidence, but only upon a certainty of the error." 2 Pom. Eq. Jur., section 859. We can not enter into a detailed discussion of the evidence in this class of cases. We can only refer to a few matters which stand out prominently in the testimony, and which we think are quite conclusive in plaintiff's favor. On her behalf, and fully corroborating her claim that she was to have the use and control of the land during her natural life, there is the testimony of Jefferson West and one Fierce as to the statements made by Isaac West, before the deed was made, as to what the contract was between him and plaintiff. One of these

conversations occurred on the day the deed was signed. No one attempts to contradict these witnesses as to what the contract was, except Isaac West, and his testimony touching that matter is in some respects unsatisfactory and evasive; besides, he was impeached. There were several witnesses who testified to loose and random conversations had with the plaintiff after the deed was executed, wherein it is claimed she admitted that the contract was that she was to take half of the crops during her lifetime. Some of these witnesses were impeached; others did not claim to be accurate in the recollection of what was said; and still others had the conversation referred to with plaintiff under such circumstances as render it more than probable that they did not distinguish between what plaintiff said the deed contained as drawn and what should have been in it. Again, it is admitted by defendant Isaac West, and established by other evidence, that plaintiff, as early as May, 1888, and about a month after the deed was executed, was insisting that the deed was wrong, and he says, and the evidence shows, that she complained about it from that time on. If that be true, it is inconceivable that at the same time she should be admitting in these random conversations facts directly in conflict with her claim. In view of admitted facts and the other matters we have referred to, it is fair to conclude that these witnesses were mistaken. We have, then, the contract as claimed by plaintiff, established by her own testimony, also by Jefferson West and Fierce. Defendant Isaac alone denies it, and, as we have said, he was impeached; furthermore, his conduct after the execution of the deed is not that of a man concious of the rightfulness of his acts. Again, the relationship and surroundings of these parties must be taken into consideration, and this is well stated by the learned district judge in his opinion filed in this case. He says: "Again, the defendant was a strong, vigorous, intelligent man,

of nearly thirty years of age, and the plaintiff, his mother, was nearly seventy years of age, subject to heart disease, and quite unwell the day the deed was made. The parties were not on equal footing. The son should have realized this. Did he? Let us see. He takes her to an old justice, nearly eighty years old, a man much more feeble than his mother. And, in my opinion, he had the justice write out the deed before the mother signed. I don't think she ever read it. I think she is mistaken there. But with these two old people he easily succeeded. It would be natural for the old justice to write down what defendant told him, and for the mother to sign it, relying on her son Isaac to do what was right by her. Then, after he gets the deed, he seems to conceal it, and acts in a way utterly at variance with honesty of purpose. Says to parties that 'he got the old lady,' meaning his mother. He calls his mother a 'hell cat,' because she is dissatisfied, and goes so far as to threaten poor old Ross, the justice, with death, if he asks to look at the deed. In short, the evidence does not show the defendant to be a model character. Then, again, this land can not be worth less than one thousand dollars. The defendant has invested but four hundred dollars. His mother is old, and may die at any time. He may get the one thousand dollar farm for four hundred dollars. But let her live out the expectations of one at her age; even then the defendant will have a rich reward for his investment. He can not claim to have been wronged. He has a good bargain." Now, it is insisted that the evidence in this case is not sufficient, to warrant a decree reforming this deed. Evidence may be said to be "satisfactory" when it satisfies "an unprejudiced mind, beyond a reasonable doubt." It must be such as to so convince him "that he would venture to act upon that conviction, in matters of the highest concern and importance to his own interest." 1 Greenl. Ev., sec. 2.

Again, it is defined as "that which is sufficient to induce belief that the thing is true; in other words, it is credible evidence." Black, Law Dict., p. 1063. See, also, 1 Rice, Ev., p. 11. Evidence is sometimes said to be "conclusive" when the law does not permit it to be contradicted. *Id.*, Black, Law Dict., p. 242. The word "conclusive," as used in some of the decisions of this court, relating to the character of evidence necessary in cases where it is sought to reform an instrument for fraud or mistake, is certainly not used in the sense contended for by counsel. As used in the cases relied upon by counsel, it means that measure or degree of proof which produces in the unprejudiced mind the belief and conviction of the truth of the fact asserted, having in view all the facts and circumstances surrounding the transaction. A fact thus established may be said to have been proven by testimony which is clear and satisfactory, within the definition above quoted from Greenleaf. Having in mind this required degree of proof, it seems to us, in view of all the facts disclosed by this record, that plaintiff has made such a case as justified the decree of the district court reforming this deed. AFFIRMED.