McTucker v. Taggart.

McTUCKER v. TAGGART.

Conveyance: BREACH OF COVENANTS: REFORMATION OF DEED: EQUITY Where in an action for damages for breach of covenants in a deed the defendant pleads as a defense that there was a mistake in the conveyance as to the quality of land intended to be conveyed and ask a reformation of the conveyance accordingly, he will not be relieved unless he clearly establishes the mistake by evidence of the most satisfactory character.

*Appeal from Lee District Court.*

WEDNESDAY, AUGUST 31.

THE petition claims $500 for breach of covenant in deed from defendant to plaintiff. The deed purported to convey five acres of land, more or less, by metes and bounds, and it is charged that the title failed to about one acre and forty-five one hundreths, describing it.

The answer admits that defendant had no title to the latter tract, but sets up that it was included in the deed by mistake; that it was never intended to sell it; that plaintiff understood and knew he was purchasing, paying for and getting the three and fifty-five one hundredths acres, and no more, and it is asked to reform the deed. Plaintiff denies the averments of the answer, so far as they set up a mistake, etc. The cause was transferred to the chancery docket, there heard upon full testimony, according to the first method of trying equitable actions,

issues found in defendant's favor, the deed reformed as prayed, and plaintiff appeals.

*R. H. Gillmore* and *R. P. Lowe* for the appellant.

*McCrary, Miller & McCrary* for the appellee.

WRIGHT, J.—That by the language of the deed describing the premises plaintiff is entitled to more land than he gets is not denied. That defendant supposed she owned the tract, as described, is equally evident, for the description follows precisely that in the deed under which she holds. What knowledge did plaintiff have of the alleged mistake, and how is defendant entitled to be relieved as against the language of her covenant?

The case is one of fact. There is no controversy as to the law. The burden of proof is on defendant. She holds the affirmative, and, in our opinion, she has entirely failed to support it with the requisite evidence. The mistake, which is attempted to be shown by parol, ought to be made entirely clear and established by the most satisfactory proof. In our opinion, the preponderance of evidence is with plaintiff, instead of with defendant, where it should rest or be found before this deed could be corrected. The strong argument made in favor of the judgment is, that the tract included by mistake is covered largely by one of the streets of the city of Keokuk; that the law presumes plaintiff, as a citizen of that city, to be acquainted with the public streets, just as all persons are held to know the banks and course of navigable streams; and hence it was never intended by the one party to sell, nor the other party to buy, any land beyond that actually owned by defendant, and to which the title is undeniably good. As applied to many of our towns and cities, this rule would be exceedingly unsafe and dangerous. We know they improve very rapidly, and very soon, in most instances, there is no dif-

ficulty in seeing and tracing almost the precise lines of the streets. In other instances, however, it is equally true, that the streets and alleys for months and years exist upon paper, more in imagination than to the actual vision, remaining unworked, untraveled and unimproved, with nothing to distinguish them from the adjacent lots, the most skillful surveyor being perplexed to trace their lines of location. This property is surburban, and whether this street was traveled, whether the lots upon it in this vicinity were fenced or improved, we are not advised. The testimony rather tends to show that the parties contracted without any knowledge of this street, they both believing that the description in the deed to defendant was correct, and that plaintiff was getting the entire tract. To the extent stated, however, the title failed, and because of this breach he was entitled to the damages, all testimony as to the alleged mistake to the contrary notwithstanding.

Reversed.