HABLITZEL v. LATHAM <em>et al.</em>

Equity: STAY OF PROCEEDINGS. In an action at law against stock holders of an insurance company by plaintiff, holding a judgment against the corporation on which execution had been returned unsatisfied, the defendants filed a cross-bill in equity, alleging that the officers of the company had transferred its assets and seek to avoid the payment of its debts; that plaintiff, colluding with other stockholders, had agreed to release some and not to sue others, and had dismissed suits commenced against them in consideration of sums received, for which plaintiff had given no credit upon his judgment against the company, and that by such means plaintiff is attempting to collect inequitable assessments against defendants. *Held,* that the facts alleged entitled defendants to equitable relief,

and the appointment of a receiver, and that the action of the court in staying the prosecution of plaintiff's action until after the report of the receiver appointed by the court to take charge of the assets of the company, ascertain the amount of payments made, and collect sums due from stockholders sufficient to pay the judgment, was proper.

*Appeal from Linn District Court.*

MONDAY, DECEMBER 18.

PLAINTIFF brought his action at law to recover against defendants as stockholders of the Fire and Tornado Insurance Company. The petition alleges that defendants and others are associated as the corporators of the insurance company just named, the principal place of business being in Marion, Linn county, that a policy of insurance was issued to plaintiffs, and a loss occurring thereon judgment was recovered against the incorporation in the circuit court of Linn county for about $3,000, and that an execution has been issued upon the judgment, and returned no property found. The petition further alleges that the law has not been complied with in the organization of the incorporation in these particulars; the articles of incorporation have not been recorded in Linn county, no semi-annual reports have been made; notice of the organization of the incorporation has not been published as required by law, nor have proper statements been posted of the amount of the capital stock subscribed, the amount paid in, and the amount of indebtedness of the company. It is also charged that the defendants are separately and individually indebted to the company for stock subscribed by them in sums set out in the petition; that the company has ceased to do business, and has illegally and in fraud of plaintiff, transferred all of its assets, except obligations of stockholders given in payment of their stock, amounting to about $100,000, which are held by the officers of the corporation, and that the officers and stockholders refuse

and neglect to pay the judgment or to make any provisions therefor. Recovery against the defendants is asked to the amount of the judgment in plaintiff's favor against the corporation.

To this petition defendants made answer, denying each allegation thereof except the recovery of judgment by plaintiff, and the fact that they are stockholders of the company. They admit liability for the judgment to the extent and proportion that their stock bears to the whole stock of the corporation. The defendants also filed a cross-bill in equity making the corporation a defendant, which contains substantially the following allegations : That the incorporation was organized at Lyons, Clinton county, and articles of incorporation were duly recorded and published as required by law; that stock to the amount of $67,500 was issued, upon which there is now due 90 per cent available for the payment of the debts of the company; that the corporation has transferred some of its assets to and reinsured its business in another company, and has ceased to do insurance business; that the officers of the company have transferred its other assets and seek to avoid the payment of its debts; that plaintiff, colluding with a large number of stockholders, has agreed to release some and not to sue others, has commenced a large number of suits and, in some instances, has received sums of money, and in consideration thereof has dismissed many of such suits and has given no credit upon his claim against the company for such payments, and that by such means plaintiff is attempting inequitable assessments against defendants upon their stock in the corporation. The defendants pray that the action be transferred to the chancery docket, that a receiver be appointed to take charge of the assets of the company, collect the same and the sums due from stockholders, to an amount sufficient to pay the debts of the company and satisfy in full plaintiff's judgment, and that plaintiff's action against defendants be stayed.

During the term at which this answer and cross-bill were filed, a receiver was appointed and directed to take charge of the assets of the company and proceed in the manner pointed out in defendants' cross-bill; the suit of plaintiff, as well as other like suits, were ordered to be stayed. At a subsequent term, plaintiff filed his answer to this cross-bill, denying the fraudulent collusion charged therein, admitting the receipt of several small sums from different parties, but averring that the same have been credited upon his claim. At the same term he moved the court to set aside the order staying proceedings in the plaintiff's action. The motion is based upon the answer to the cross-bill. It does not appear that the motion was ruled upon by the district court.

From the order and judgment staying proceedings in the action against defendants, plaintiff appeals.

*J. M. Preston & Son* for the appellant.

*E. Latham* for the appellee.

BECK, Ch. J. — The only question presented for our consideration in this case involves the correctness of the judgment of the court in ordering the action of plaintiff against the defendants as stockholders of the insurance company to be stayed upon the showing made by the cross-bill. The case, as presented to us, does not demand an inquiry into defendants' liability under the facts set out in plaintiff's petition. Admitting their liability thereon, we are of the opinion that the court correctly ordered plaintiff's action to be stayed. The cross-bill alleges the legality of the organization of the corporation and shows facts which demand the appointment of a receiver so far as the corporation and its acts are involved. The charge of fraudulent collusion against the interest of defendants, entered into by plaintiff and certain stockholders of the

incorporation, certainly presents grounds entitling defendants to relief. If defendants are admitted to be liable in an action to plaintiff, the other stockholders are also liable. Equity will not permit plaintiff to recover from such, money as a consideration for their discharge unless the sums so received be considered as payment *pro tanto* upon his claim. He should be required to account therefor. As a claim against the corporation, plaintiff's judgment, in a proceeding of the kind instituted by defendants' cross-bill, should be credited with such payments, proper account of which ought to be made in settling the rights and liabilities of the different stockholders. It was therefore proper for the court, considering the right of defendants and the other stockholders and the corporation, to determine the amount of such payments. This can only be done before final judgment upon plaintiff's claim, and that this may be done and the rights of all parties protected it is necessary to stay proceeding in plaintiff's action. The power of the court in this proceeding to restrain plaintiff from the prosecution of his action or delay judgment therein, cannot be doubted. The showing made demands such relief. No objection is made as to the form of granting the relief, whether security should have been required of defendants or the like ; the objection is based upon the alleged want of authority to make it at all. We determine no other points than the power of the court to grant the relief and the sufficiency of the allegations of defendants' cross-bill to demand its exercise.

The abstract before us does not show that plaintiff's motion to vacate the order staying his proceedings was ruled upon, and the appeal is taken alone from the order staying the proceedings. We have, therefore, nothing to do with the merits of that motion and do not consider it

Affirmed.