WACHENDORF ET AL. V. LANCASTER ET AL.

1. **Mistake in Deed**: REFORMATION: EVIDENCE. Before a written
   instrument can be reformed on the ground that there was a mistake in
   drafting it, it must be shown that the mistake was mutual, and the evi-
   dence of the mistake must be clear, satisfactory, and free from reason-
   able doubt.

2. **Practice in Supreme Court**: REHEARING TO DELINQUENT PARTY.
   A rehearing will not be granted upon the petition of a party who fails
   to make an argument when the cause is submitted; but when satisfied
   that an error has been committed, the court will, on its own motion,
   order a rehearing in order to correct the error.

*Appeal from Clayton Circuit Court*

THURSDAY, SEPTEMBER 20.

ACTION on the covenants of a deed against incumbrances.
The premises conveyed were incumbered by a right-of-way
for railroad purposes, and this was the breach alleged in the
petition. The defendants pleaded an equitable defense, and
alleged that the sale was made subject to the right-of-way,
and that by mistake the following was omitted from the deed
by the scrivener: "Excepting that portion of said lot No.
twenty (20), now owned and operated by the C., D. & M.
Railroad Company."

The equitable defense alone was tried before Hon. James
O. Crosby, referee, who found that such defense had not been
established. Exceptions were taken to the report of the ref-
eree, and the court set the report aside and rendered judg-
ment for defendants, and the plaintiffs appeal.

*Stoneman & Chapin* and *S. P. Adams*, for appellants.

No appearance for appellees.

SEEVERS, Ch. J.—Before a written instrument can be re-
formed on the ground that there was a mistake
in drafting it, the evidence that there was a mis-
take should be clear, satisfactory, and free from
reasonable doubt. *McTucker v. Taggart*, 29 Iowa, 478;

1. MISTAKE in
deed: refor-
mation: evi-
dence.

*Strayer v. Stone,* 47 Id., 336; *Hervey v. Savery,* 48 Id., 319. The mistake must be mutual. *Ramsey v. Smith,* 32 N. J. Eq., 28.

We have read the evidence more than once, and carefully considered it, and we unite in the conclusion that the finding of the referee is right, and that the court erred in setting aside his finding and rendering judgment for the defendants. The evidence that there was a mistake is not of the clear and satisfactory character it should be. It fails to show, by a clear preponderance of the evidence, that the mistake was mutual. We incline to think the deed was drawn just as the plaintiffs intended and understood it was to be. After the deed was drafted, it was read over three times to the parties, and assented to by them. No beneficial result would be served by a discussion of the evidence, and such is not our usual custom. The judgment of the circuit court will be

REVERSED.

### ON REHEARING.

SEEVERS, J.—Although appellees failed to appear at the hearing and make an argument, they have seen proper to file a petition for a rehearing, and therein insist that we have overlooked a portion of the record, which, being considered, shows the foregoing opinion to be erroneous. We cannot sanction the practice attempted to be inaugurated in this case, and we take this occasion to say that we will not grant a rehearing upon the application of a party who failed to file or make an argument when the cause was submitted. If, however, we are satisfied an error has been committed, we, on our own motion, will order a rehearing for the purpose of correcting the error.

2. PRACTICE in supreme court: rehearing to delinquent party.

The record shows that the equitable issue was alone submitted to the referee, and he found it had not been established, and so reported to the court. The report was set aside, and judgment rendered for the defendants. No appeal was taken from the decision setting aside this report, but the appeal

was taken in the whole case, and it is insisted that, as the record does not purport to contain all the evidence before the court when the cause was finally submitted, the presumption must be indulged that the decision of the court is correct.

The record shows that all the evidence before the referee is before us, or rather, more strictly speaking, that all the evidence before the court when the motion to set aside the report was determined, is now before this court.

The motion was filed in June, 1880, and was determined in November, 1881, and as a part of the same judgment entry it is stated: "and the cause being tried to the court and submitted on the pleadings and evidence," the court found for the defendants, and rendered judgment against the plaintiffs for costs. Now, taking the record altogether, we do not believe any issue was determined except the equitable defense pleaded, which was submitted to the court upon the evidence before the referee. When the court set aside the report, it necessarily determined that such defense had been established by the evidence, because only one ground was stated in the motion, which was that "the finding and report of the referee is not sustained by the evidence." Having found this to be so, it necessarily followed that the equitable defense had been established, and therefore the defendants were entitled to judgment. In so finding, the court erred, as stated in the opinion, which is

ADHERED TO.