### ROSENBAUM *et al. v.* COUNCIL BLUFFS INS. CO.

*(Circuit Court, N. D. Iowa. December 22, 1888.)*

**1. COURTS—FEDERAL COURTS—FOLLOWING STATE PRACTICE—INSURANCE—REFORMATION OF POLICY.**

In an action at law, in the federal court sitting in Iowa, on an insurance policy, it appeared from the petition that the person named in the policy as the party assured was not the real party in interest. The court sustained a demurrer for want of interest in the assured, but granted plaintiffs' leave to file a bill in equity for reformation of the contract, and continued the action at law pending the proceedings in equity. *Held*, that such order was not contrary to Code Iowa, § 2654, which provides that, on the decision of a demurrer, if the unsuccessful party fails to amend, the same consequences shall ensue as though verdict had passed against him. If the case had been heard in the state court, the plaintiffs could have amended their petition by setting out the facts relied on for reformation, and in making the order the federal court followed the state practice as near as possible, retaining the separate forms of actions.

**2. SAME.**

Nor was such order contrary to the provision of the policy that no action could be maintained thereon unless brought within six months after the happening of the loss. Had the cause remained in the state court, the petition could have been amended, and the defendant cannot complain of the proceeding in equity rendered necessary by its removal of the cause to the federal court.

At Law. On motion to set aside order granting leave to file a bill in equity, and also motion for judgment on demurrer.

*Blake & Hormel* and *C. A. Clark*, for plaintiffs.

*Sapp & Pusey* and *Henderson, Hurd, Daniels & Kiesel*, for defendant.

SHIRAS, J. On the 12th day of September, 1882, the defendant issued a policy of insurance against fire upon an elevator and its contents, the contract of insurance being made with one H. Eyler, and his name appearing in the policy as the party assured. The property having been destroyed by fire, the present action was brought by the plaintiffs, who

sue as assignees of the rights of Eyler and one G. Abraham, to whom as mortgagee the loss was to be paid by the terms of the policy.   From the averments in the petition contained it appears that the real party interested in the property insured was the said G. Abraham, it being averred that he was the owner of the elevator and the business carried on therein, the same, however, being carried on in the name of Eyler; and that in fact the contract of insurance was made with Abraham.   The defendant demurred to the petition, and the court held that, the action being at law, the plaintiff was bound by the legal effect and meaning of the written contract of insurance, to-wit, the policy sued on; that upon its face it showed that the contract was to insure Eyler's interest in the property; and that upon the face of the policy plaintiffs could not recover, unless it was shown that Eyler had an actual interest in the property covered by the policy; and that plaintiffs could not by parol evidence show a contract contradicting the written policy on which the suit was based; that if the policy as signed did not represent the real contract made by the parties, it could be reformed in equity, but that, unless so reformed, an action at law thereon could not be maintained to recover the loss caused to the property of Abraham.   Thereupon, at the request of plaintiffs, the court granted leave to file a bill in equity for the reformation of the written contract, and continued this action, awaiting the result of the proceedings in equity.   A bill for the purpose named was thereupon filed upon the equity side of the court, and is still pending.   The defendant now moves for an order expunging and rescinding the leave granted for filing the bill, and also for final judgment on the demurrer, upon the ground that the statute of Iowa, (section 2654, Code,) provides that upon the decision of a demurrer, if the unsuccessful party fails to amend or plead over, the same consequences shall ensue as though a verdict had passed against the plaintiff; and that the court, as a court of law, cannot do otherwise than to render a strictly legal judgment upon the demurrer.

Taking the ground assumed by defendant's counsel, that the statutory rule is binding upon this court, what is the result?   When the time comes for entering final judgment on the demurrer, the rule cited will be applicable, but the section of the Code relied on was never intended to bear the narrow construction now claimed to be applicable, nor are the powers of a court at law so limited as counsel seem to assume.   The section relied on by counsel provides that if the party beaten on the demurrer fails to amend or plead over, then certain consequences ensue; but the section does not provide when and how such amendment must be made.   That is a matter that is within the power of the court, and the time within which an amendment may be made must depend upon the circumstances of each case.   Section 2638, Code Iowa.   The practical effect of the ruling upon the demurrer was that, to enable the plaintiffs to rely upon the contract of insurance, which it was averred had in fact been made, it was necessary to reform the written contract or policy, and then to declare on it as amended.   If the case had been pending in the state court, the plaintiffs, upon the sustaining of the demurrer, could have filed an amended petition in the cause, setting up the facts relied on as justifying

the reformation of the contract of insurance, and praying for appropriate relief. The issue thus made would be equitable, to be heard and determined by the court as a court of equity; but this would have been entirely proper under the state practice. Thus in *Nowlin* v. *Pyne*, 47 Iowa, 293, which was commenced as an action at law upon a written contract, a demurrer was interposed to the action; and after the decision thereon an answer was filed, setting forth grounds for the reformation of the written contract, and, this answer being treated as a cross-petition in equity, the court below reformed the contract, and decided the cause upon the terms of such reformed contract; and upon appeal the supreme court affirmed the decision. In *McTucker* v. *Taggart*, 29 Iowa, 478, the action was commenced at law upon the covenant as a deed. The defendant averred that there was a mistake in the deed, and prayed its reformation. The cause was transferred to the chancery docket, heard upon the evidence, and a decree entered reforming the deed. Upon appeal the supreme court reversed the case on the facts, but sustained the practice followed in presenting the issue. In *Hablitzel* v. *Latham*, 35 Iowa, 550, it appears that the action was at law, to recover against the defendants as stockholders in an insurance company. The defendants filed a cross-bill, making the insurance company a party thereto, as well as the plaintiffs, and charged collusion between them, setting up various facts showing the need for equitable interference, and asked that the cause be transferred to the equity docket, and that plaintiff's action at law be stayed. The court appointed a receiver, as asked in the cross-bill, and granted an order staying the plaintiff's action at law. Upon appeal the supreme court affirmed the action of the trial court. It is hardly necessary to cite further authorities for the purpose of showing that, under the provisions of the Code of Iowa, the courts of the state have full power, when an action at law is brought, and it appears that cause exists for reforming the written contract sued on, or when for any good reason it is necessary to hear and determine equitable issues, to allow a proper amendment to the pleadings to be filed, and to hear and determine such equitable issues, and in the mean time to stay the hearing of the action at law. The act of congress assimilating the practice in law actions in the United States courts to that obtaining in the state courts requires that the courts of the United States shall follow the state rules, as near as may be. Owing to the rule in the United States courts that matters cognizable in equity only cannot be heard and determined in an action at law, but that equitable relief can be had only upon a proper proceeding brought in the court of equity, it was impossible for the court to permit an amendment to be filed upon the ruling on the demurrer, setting up the grounds alleged to exist for the reformation of the contract. Could this practice have been permitted, then, upon the filing of the amendment, no final judgment could have been rendered upon the demurrer, but the issue of law would remain undetermined until action had been had upon the equitable issue touching the reformation of the contract. Under these circumstances, the court, following the rule of the state practice as nearly as could be done, stayed the law action for the purpose of permitting the

plaintiffs to file a bill in equity for the reformation of the written contract. In so doing, the spirit of the state practice was observed and enforced, and the difference in mode is one of mere form, due to the existence of the rule of this court forbidding the admixture of legal and equitable proceedings in one cause; if upon the proceedings in equity it is held that the policy sued on should be reformed, then this court can permit an amendment to the petition to be made setting forth the reformation of the policy, and its terms as reformed; and, this being done, then, under section 2654, the defendant cannot claim final judgment on the demurrer, because the amendment will have obviated the objection to the petition as originally brought. The question is not, as is argued by defendant's counsel, dependent upon the character of the judgment which a court of law is authorized to enter upon the decision of a demurrer, but upon the power of the court to permit an amendment to be made, which will preclude the entry of a final judgment on the demurrer. There can be no question that under the provisions of the Code of Iowa the power to allow the filing of an amendment exists, and that the time within which such amendment shall be filed is within the discretion of the court, to be exercised with due regard the facts of the particular case. So far, therefore, as the present motion is based upon the ground of lack of power to make the order continuing the cause for the purpose of enabling plaintiffs to procure the reformation of the policy sued on, if the facts justify it, and, when reformed, to amend the petition in the present cause by declaring on the policy as reformed, the same must be overruled.

Counsel further argue that, granting the right to make the order complained of to exist, the order was improvidently and improperly made in this case, for the reason that the policy contains a provision that in case of loss no suit or action can be maintained thereon unless brought within six months after the happening of the loss, and that the action of the court may deprive the company of the benefit of this provision, which the court has not the right to do. The theory of the defendant's counsel is that the court should, upon the hearing of the demurrer, have rendered a final judgment dismissing the action, and that then, when the bill was filed for the reformation of the contract, this limitation could have been pleaded in bar of the proceeding in equity, and, if not held a bar to that suit, it could be pleaded in bar of the action based upon the reformed contract. Counsel, in their argument, assume that if the attention of the court had been called to this provision of the policy at the time the order complained of was made the court would have refused to make the order, and would have given judgment on the demurrer, so as to have enabled the defendant to avail itself of this limitation. This assumption is ill founded. The existence of the limitation referred to was one of the reasons why the order was made that is now sought to be set aside. The action on the policy was brought before the expiration of the six months; being commenced in the district court of Benton county. It was removed to this court by the defendant in October, 1884, more than a year after the occurrence of the fire. Had the cause remained

in the state court, as already pointed out, the plaintiffs could have amended the petition, setting up the grounds for equitable relief, and thus no defense could have been made based upon the limitation in the policy. Having removed the cause into this court, the defendant has no ground for complaint for that the court has continued the action at law, for the purpose of enabling the plaintiffs to reform the policy of insurance, and thus, if the facts justify, complete their evidence needed to sustain the action at law. In principle, there is no difference between this action on the part of the court, and in granting a continuance to enable plaintiffs to procure the testimony of witnesses residing at a distance. Courts of law have undoubtedly the right to grant continuance for the purpose of enabling either party to properly prepare for trial, and this right exists, whether the time is needed to procure the testimony of absent witnesses, or to procure documentary evidence, or to supply, by the aid of a court of equity, written evidence in cases wherein by the rules of law evidence in that form is necessary to the maintenance of the parties' rights. By the bringing of the action on the policy, within the six months, and the subsequent proceedings thereon, the defendant has been duly notified that a claim upon the contract of insurance was asserted against it, and has received notice of the happening of the fire, of the amount of the loss, and of all the other facts necessary to enable the defendant to protect its rights in the premises. The suggestion is made that by the lapse of time caused by awaiting the outcome of the proceedings in equity for the reformation of the contract, the defendant may be deprived of the testimony of important witnesses. The action, however, is pending, and it is within the power of defendant to take the testimony of all of its witnesses and thus perpetuate the same. This danger of loss of testimony is no other than occurs in all instances wherein a cause is continued from one term to another, and it is evident that it did not greatly impress the defendant, when it delayed the trial of the case, by removing the same from the state to the federal court. If the plaintiffs do not promptly prepare the cause in equity for trial, the remedy is not in attacking the order made allowing the bill to be filed, but by forcing the equity cause to a hearing, or perhaps by having the court set down the case at law for further proceedings. The plaintiffs must use due diligence in preparing themselves for trial, or otherwise the cause may be brought to a hearing. The motion now presented is overruled.