F. E. PIERCE, Appellant, v. AMY W HOUGHTON (LACY), Appellee.

Deeds: REFORMATION. RIGHT OF WAY. A railroad right of way is such an incumbrance on the land as will constitute a breach of a covenant of warranty, but where it is clearly shown that the parties did not understand that the right of way was to be included in the deed, the instrument will be reformed to express the real contract.

*Appeal from Monona District Court.*—HON. JOHN F. OLIVER, Judge.

FRIDAY, JANUARY 29, 1904.

THIS action was originally brought at law on the covenants of warranty in a deed. The defendant pleaded an equitable defense, and also a cross-bill, in which she asked for a reformation of the deed, by introducing the reservation of a railway right of way across the land conveyed. The trial court dismissed plaintiff's petition and reformed the deed as prayed, and plaintiff appeals.—*Affirmed.*

*Lewis & Lewis* for appellant.

*McMillan & Kendall* for appellee.

DEEMER, C. J.—Defendant Houghton, who made the warranty deed on which this action is bottomed, contracted to sell the property to one Newman. Newman concluded that

the land was too much of a burden for him to handle, and he entered into negotiations with plaintiff for an exchange of this property for a smaller tract. An exchange was finally agreed upon between them, and, in order to carry it out, it was arranged that defendant should deed directly to plaintiff, and that plaintiff should deed to Newman. Pursuant to this arrangement, defendant made, without reservation and with covenants of warranty, a deed of bargain and sale to the plaintiff. Plaintiff, in compliance with his part of the arrangement, made a mortgage back to the defendant to secure some notes given for the purchase price of the land. This mortgage contained no reservation. These transactions occurred early in the year 1893. At the time the deed was made, a railway was operating a line of road over and through the land conveyed; having obtained title thereto by deed of conveyance from a former owner of the land. The amount of land in the right of way is practically fifteen acres. Sometime after the deed was made plaintiff in some manner discovered that there was a breach of the covenants of warranty in defendant's deed, but instead of bringing action, or interposing a set-off to the notes which he had executed to the defendant, paid the same, and did not commence this action until December of the year 1901. Under the previous holdings of this court, the railway right of way was an incumbrance, and plaintiff is entitled to recover for breach of covenants of warranty unless it be for some of the defenses pleaded. The rule is announced in *Flynn v. Coal Co.*, 72 Iowa, 738, and cases therein cited.

The defendant claims, however, that there was an agreement, both with Newman and the plaintiff, that the right of way should be excluded from the operation of the deed, and that failure to make a reservation thereof was due to mistake and oversight. The burden was on defendant to establish her claim by clear and satisfactory evidence, or, as said in one of our cases, "the evidence that there was a mistake should be clear, satisfactory, and free from doubt." *Wachendorf v. Lancaster*, 61 Iowa, 509. But if the mistake

is established by this quantum of the evidence, the deed should be reformed so as to make it to conform to the intent of the parties. We are abundantly satisfied that none of the parties understood that the right of way was to be included in the deed. That it was so included was evidently due to mistake either of law or of fact on the part of all the parties. In such case the deed should be so reformed as to make it express the real contract. That there was a mistake is evidenced by the fact that plaintiff paid the notes given for the purchase price of the land without protest, and waited nearly ten years before bringing his action. Had he thought that the right of way was to be included, he doubtless would have brought action soon after the breach of warranty was discovered. That he did not do so is evidence of the fact that the whole matter was an afterthought, and that he is now seeking a technical advantage.

We have no doubt of the correctness of the decree ordered by the trial court, and it is AFFIRMED.