F. P. SARGENT, Appellant, v. CARL N. OWEN ET AL., Appellees.

Intoxicating liquors: NUISANCE: EVIDENCE: REVIEW. Where the evidence in an action to restrain a liquor nuisance is in irreconcilable conflict on the question of illegal sales, the judgment of the lower court, having the opportunity to observe the demeanor of the witnesses while testifying, will not be disturbed on appeal.

*Appeal from Linn District Court.*— HON. W. G. THOMPSON, Judge.

FRIDAY, MAY 17, 1907.

ACTION in equity for an injunction to restrain the maintenance of an intoxicating liquor nuisance. On final hearing the petition of plaintiff was dismissed, and from such final order and judgment he appeals.— *Affirmed.*

*Charles W. Kepler & Son,* for appellant.

*Smith & Smith, F. L. Anderson,* and *C. S. Lake,* for appellees.

BISHOP, J.— The defendant Owen is a registered pharmacist doing business at Marion, Linn county, and the holder of a permit to keep and sell intoxicating liquors for lawful purposes. The defendant Kendall is the owner of the building in which such business is conducted. The abstract

prepared by plaintiff shows that an original petition for injunction was filed January 23, 1905, and to this petition the defendants answered January 27, 1905. On the date last named the case came on for hearing on the demand, as contained in the petition, for a temporary writ of injunction. Plaintiff was not ready to proceed, and the case was continued at his costs to the April term. For reasons which do not appear, the case was not heard at the April term, and on July 5, 1905, plaintiff filed an amended and substituted petition, charging in general terms the maintenance of an intoxicating liquor nuisance, and the sale of such liquors to Lottie Carr and others. Therein a temporary writ and a decree of permanent injunction was prayed for. This petition was presented to Judge Thompson, and July 10, 1905, was fixed by him as the day for hearing the application for temporary writ. The record makes it appear that, owing to the illness of one of defendant's counsel, the hearing was postponed until July 15, 1905. Whether this postponement was on order of the judge, or by agreement of the parties, does not appear. Whatever may be the fact as to this, it is certain that no objections were made or exceptions taken. Nor was there any request that a temporary writ issue as of course under the statute. On July 15th the defendants appeared, and in answer denied generally. Further, they pointed out the application of plaintiff as made in January, and insisted that plaintiff, having abandoned the same, and suffering judgment for intermediate costs, his right to a temporary writ of injunction became completely adjudicated; that, having renounced his January application, plaintiff was estopped from again applying for a temporary writ. Following this, and without objection or exception, or request for temporary writ as of course, the application was again continued until August 14, 1905, when, upon hearing, the application for a temporary writ was denied, and the main case was set down for hearing at the following September, 1905, term of the court. At the September term, the

case was tried on its merits, resulting in a dismissal of the petition.

The appeal is from the final judgment only, and all the questions presented in argument are addressed to the correctness thereof. Just why the record in this court should be burdened by a recital of all the matters occurring in connection with the application for a temporary writ is not altogether clear. There would seem to be no relation between such matters and any legitimate question in the case which we are called upon to consider and in respect thereof make pronouncement. If such matters are brought up as a basis upon which to predicate the attack made in the course of argument by counsel for plaintiff — whom we recognize as able lawyers, and experienced in practice — on the judicial integrity and worthiness of motive of the judge presiding in the court below, we have no more to say than that the attack is quite as unbecoming to counsel as it would seem to be unwarranted by anything that is made to appear on the face of the record.

Looking into the merits of the case as presented by the record made on final hearing, it is to be said that the testimony centered almost wholly on the character of the person Lottie Carr, named in the petition, and the relation between her and defendant, as purchaser, on the one hand, and seller, on the other hand, of intoxicating liquors. That the woman was an habitual drunkard we think may be said to have been fairly established by the evidence; but, on the question whether defendant supplied her with intoxicants, the evidence is in direct conflict. And this conflict cannot be reconciled. The witnesses on one side or the other of the question consciously committed perjury. Now, the presiding judge of the court below had these witnesses before him, he listened to their respective stories at first hand, and had opportunity to observe their appearance and their demeanor while testifying. In such a case, unless the demands of the printed record are imperative, we should not set up our judgment

as to the truth of the facts in controversy in opposition to the judgment of the court below. It may be that in refusing to believe the testimony of the woman Carr and her brother, to the effect that they bought whiskey of the defendant, the court did them an injustice; but it might be equally as unjust for us to refuse to believe the defendant and his clerk, wherein they state with great positiveness that neither Mrs. Carr or her brother ever bought any liquor in the store. In such a case, it is quite appropriate that we yield to the court below superiority of judgment, and we shall do so in this case.

Carrying this thought to a conclusion, we agree that the judgment should be, and it is *affirmed.*