HIGH CONN and DAVID CONN, Appellees, v. F. W. CONVERSE, Appellant.

**Appeal:** REVIEW OF COURT FINDINGS. Where the evidence upon material issues in an equity case was conflicting, the findings of the trial court who saw and heard the witnesses will be given some weight by the appellate court.

**Payment by mistake:** RECOVERY: LACHES. Where plaintiff brought his action to recover money paid through oversight or mistake, within a reasonable time after discovery of the mistake, he was not barred of relief on the ground of laches.

**Same:** MUTUALITY OF MISTAKE: EVIDENCE. To recover money paid by mutual mistake it must appear by clear and satisfactory evidence that the mistake was mutual, as distinguished from an unilateral error.

*Appeal from Emmet District Court.*—HON. D. F. COYLE, Judge.

TUESDAY, MARCH 24, 1914.

ACTION to recover a sum of money paid by plaintiffs to defendant on a real estate transaction through an alleged oversight and mutual mistake. The defendant denied the alleged mistake, and pleaded a counterclaim. The trial court awarded to plaintiffs the amount claimed, and one item of defendant's counterclaim, and, from the decree, defendant appeals.—*Affirmed.*

*W. A. Ladd* and *N. J. Lee*, for appellant.

*P. H. Paulson* and *D. G. Baker*, for appellees.

DEEMER, J.—I. Save one, the questions involved are purely of fact, and, as the trial court saw and heard all of

the witnesses, its finding will be given some force because of a direct conflict in the testimony on some

**1. APPEAL: review of court findings.** material issues in the case. *Berry v. Berry,* 115 Iowa, 543; *Fulton v. Fisher,* 151 Iowa, 429; *Sargent v. Owen,* 134 Iowa, 365.

II. The legal proposition involved is the question of plaintiffs' laches in bringing suit. As they commenced their action within a reasonable time after dis-

**2. PAYMENT BY MISTAKE: recovery: laches.** covering the mistake, they should not be barred of relief on this ground. This is a familiar doctrine, supported by all the authorities. See collection of cases in 16 Cyc. 158.

III. The plaintiffs were required to establish the mistake pleaded by them by clear and satisfactory proof, and it must also be shown that the mistake was a mutual

**3. SAME: mutuality of mistake: evidence.** as distinguished from an unilateral one. *Tufts v. Larned,* 27 Iowa, 330; *Wachendorf v. Lancaster,* 61 Iowa, 509; *Jurgensen v. Carlsen,* 97 Iowa, 627.

The trial court recognized these rules, and, in an opinion filed by him, it is indicated that he gave the case a great deal of consideration, and was abidingly convinced of the truth of the plaintiffs' claims. We have gone over the testimony with care, and are of the same opinion. It would subserve no useful purpose to set out either the testimony or the ultimate facts. Suffice it to say we think plaintiffs made out their case; and that by the same quantity of testimony defendant established the one item of his counterclaim.

It follows that the decree must be and it is—*Affirmed.*

LADD, C. J., and GAYNOR and WITHROW, JJ., concur.