JOHN O. OSMUNDSON v. THOMPSON BROTHERS *et al.*, Appellants.

SUFFICIENT CONSIDERATION FOR CONTRACT. Misconduct which prevents the collection of all of a lot of accounts will not excuse nonperformance of an agreement to turn over such as were collected. Evidence held too weak to warrant reformation of an agreement.

*Appeal from Winnebago District Court.*—HON. JOHN C. SHERWIN, Judge.

FRIDAY, FEBRUARY 2, 1894.

ACTION on a written contract. Judgment for plaintiff. Defendants appeal.—*Affirmed.*

*C. H. Kelley* for appellants.

*A. C. Ripley* and *C. L. Nelson* for appellee.

KINNE, J.—I. Plaintiff, as assignee of one O. J. Anderson, sues defendants upon the following written contract entered into between said Anderson and defendants:

"FOREST CITY, IOWA, Aug. 22, 1890.

"It is understood between Ole J. Anderson and Thompson Bros. that the first $100.00 collected by Thompson Bros. of the owners of the cattle in the Simianer herd shall be paid to Ole J. Anderson; then, after that, the next money collected shall go to Thompson Bros. until their $600 note for use of range is paid, after which the balance due Anderson shall be paid. Thompson Bros. to be held liable for nothing, neither for the collection of the money nor for the payment of water privilege; but, if they collect any money, it shall be applied as above."

This agreement was signed by both parties. It was averred in the petition that defendants had collected the one hundred dollars; that plaintiff owned the claim, and had demanded payment of defendants, which had been refused. In an amended answer, defendants admit the collection of the one hundred dollars; aver that Anderson has been fully paid by Simianer or the owners of the cattle, and pleaded that the contract was without consideration. In a second count it is averred that defendants rented a ranch to Simianer, and that Anderson made a contract with the latter to water their cattle; that defendants had a written contract with Simianer whereby the herding accounts were assigned to them; that the agreement in fact made with Anderson was that, if defendants collected

all of said herding accounts, Anderson should have the first one hundred dollars, then defendants should have the next six hundred dollars, then Anderson should have whatever more was due him; that said writing, by mistake, did not express the contract really made. · It is asked that the writing be reformed in that respect. It is also averred that Anderson collected part of the money which was to be collected by defendants. The cause was tried as an equitable action, and judgment rendered for plaintiff for the amount claimed.

II. It is claimed the contract between Anderson and defendants was without consideration. It appears that defendants had rented to some men named Simianer a large tract of grass land in Wright county, upon which they were to, and did, herd cattle belonging to various parties; that, during the season, water for the herd became scarce, and defendants made the contract set out with Anderson for the purpose of having him furnish water. The furnishing water for the herd was a sufficient consideration for the contract.

III. It may be conceded that Anderson, plaintiff's assignor, acted in bad faith toward defendants, in that he seems to have connived with the Simianers for the purpose of enabling them to prevent defendants from collecting all of the herding accounts; but we do not see how that can affect the right of recovery in this action. Defendants, by the terms of their written contract, agreed to pay Anderson the first one hundred dollars collected by them for herding the cattle. They have collected almost three hundred dollars, and have paid him nothing. Unless defendants are entitled to have the contract reformed as prayed, they have established no defense to this action. We need not set out the evidence relating to the claimed mistake. It is weak and unsatisfactory. It is not of that clear and satisfactory character necessary to warrant a court of equity in reforming a written instrument. Written contracts would be worth but little if they could be set aside on the meager showing made in this case. We have no hesitancy in holding that no case was made justifying a reformation of the written instrument, and the court below properly rendered judgment against defendants. AFFIRMED.