92   391
119  108

HENRY HERRING V. MARY A. PEASLEE AND R. PEAS-
LEE, Appellants.

Reformation: Evidence. Two adjoining tracts were always sepa-
rately occupied. Plaintiff became owner of tract 1, by· sheriff's
deed, and at the same time had an unmatured sheriff's certificate of
sale to tract 2. The sheriff's deed erroneously conveyed both tracts.
While matters were thus and while plaintiff had made a contract to
sell lot 2 to another, he mistakenly deeded to defendant both tracts
for three hundred and fifty dollars, tract 2, alone, being worth eight
hundred dollars. The holder of the contract for lot 2 went into
possession. Defendant went into possession of lot 1, and made no
claim to lot 2 till she was informed that her contract covered both
tracts. *Held,* deed to both tracts was rightfully reformed.

*Appeal from Harrison District Court.*—HON. GEORGE
W. WAKEFIELD, Judge.

THURSDAY, OCTOBER 25, 1894.

ACTION in equity to correct an alleged mutual mis-
take in a deed of conveyance in the description of the
land. Defendants denied that there was any mistake.
Decree was entered for the plaintiff. Defendants appeal.
*Affirmed.*

*S. H. Cochran* for appellants.

*Bolter & Sons* for appellee.

GIVEN, J.—March 3, 1892, the plaintiff executed
and delivered to Mary A. Peaslee his deed conveying

to her two certain adjoining triangular shaped pieces of land by metes and bounds. These tracts are, for convenience, designated in the record as the "Simons Tract" and the "Harmon Tract." Plaintiff contends that by mutual mistake the Harmon tract was included in said deed, and asks a decree correcting the same. Defendants deny that there was any mistake.

Appellants contend that certain evidence introduced is incompetent, and that there is not sufficient competent evidence to warrant the decree. The rule has been uniformly recognized that courts will not give relief by the reformation of a deed, or annul and set aside deeds on the ground that they do not conform to the contract of the parties, unless the evidence be clear and satisfactory, and establishes plaintiff's case by clear and satisfactory evidence. See *Presbyterian Church v. Logan*, 77 Iowa, 328, 42 N. W. Rep. 310; *West v. West*, 90 Iowa, 41, 57 N. W. Rep. 639; *Osmundson v. Thompson*, 90 Iowa, 755. Leaving out of consideration the evidence objected to, we think it appears beyond any reasonable doubt that the mistake alleged did mutually occur in the making of the deed in question. The deed was made in pursuance of a contract in writing entered into March 7, 1890, whereby, for the consideration of three hundred and fifty dollars, to be paid in one and two years, plaintiff agreed, upon full payment, to convey the land described in the contract to Mrs. Peaslee. Prior thereto, plaintiff had acquired title to the Simons tract by sheriff's deed on foreclosure sale under a mortgage. Though the Simons tract alone was sold to the plaintiff at that sale, the sheriff's deed gave metes and bounds which included both tracts. The description in the contract was taken from the sheriff's deed, and the description in the deed in question was taken from the contract. At the time the contract was entered into, plaintiff held a sheriff's certificate of sale on the Har-

mon tract, the period of redemption from which had not expired. Prior to making the deed to defendant Mary A. Peaslee, the plaintiff had executed a contract and bond for a deed to Mr. Harmon for the Harmon tract. The tracts were for many years separated by a line fence, and the land and dwellings on each were separately occupied, Mr. Harmon having continuously occupied the Harmon tract for over thirteen years. Soon after the written contract was made, the defendants went into possession of the Simons property as their home, and have ever since so occupied it. During the two years intervening between the contract and deed, the tracts were thus separately occupied, without the defendants having at any time or in any manner asserted any right or interest in the Harmon property. It was not until after the deed was made, and the mistake discovered and called to their attention, that they made any claim whatever to the Harmon property. The evidence shows without conflict that the Simons tract was worth about three hundred and fifty dollars, and the Harmon tract about eight hundred dollars, showing that the consideration paid was grossly inadequate for both pieces of property. These uncontroverted facts show, we think, beyond all doubt, not only that there was a mistake, but that it was mutual, and the manner in which it occurred. The decree of the district court is AFFIRMED.