.SARAH E. BARRY, Appellee, v. W. H. ROWND, MAY ROWND,
    Appellants, and O. A. ROWND, ELLA O. ROWND, S. H.
    ROWND AND SARAH F. ROWND, Appellees.

Reformation of Deed:   MISTAKE OF GRANTEE'S AGENT:   PRINCIPAL
    BOUND BY:   EVIDENCE.   Where a grantee of land entrusts the
    conveyance to another as his agent and the agent makes a
    mistake in the description, such mistake becomes that of the
    principal, and where it appears that the grantor relied on the
    agent to draw the deed, equity will reform the same for the
    grantor.   Evidence considered and held to establish a mistake
    in the description.

*Appeal from Black Hawk District Court.*—HON. F. O.
                    PLATT, Judge.

            THURSDAY, JANUARY 22, 1903.

    ACTION in equity for the reformation of a deed convey-
ing certain real estate.   There was a decree for the plain-
tiff, and the defendants W. H. Rownd and May Rownd
.appeal.   The opinion sufficiently states the facts.—
*Affirmed.*

    *Hemenway & Martin* for appellants.

    *Alfred Grundy* for appellee.

    BISHOP, O. J.—On May 23, 1890, plaintiff was the
owner in fee of the south 120 acres of the S. W. ¼ of sec-
tion 13, township 89, range 14, Black Hawk county.   On
the day named, she executed and delivered a warranty
deed of the west thirteen rods of said parcel of land to the
appellant W. H. Rownd.   It is alleged in the petition that
a mistake was made in the execution of said deed; that
the tract of land actually sold, and intended to be con-
veyed, was the west thirteen rods of said 120-acre tract,

less a parcel thereof measuring six rods east and west, and ten rods north and south, in the extreme southwest corner of said tract. The answer of the defendants W. H. Rownd. and May Rownd, his wife, denies the mistake alleged. All the other defendants answer admitting each and every allegation of the petition.

It appears that the plaintiff and the defendants W. H., S. H., and C. A. Rownd are sister and brothers. The other defendants are the wives of the several defendants named. The plaintiff resides in Minneapolis, Minn., and the defendants reside in or near Cedar Falls, Black Hawk county. The property in question is situated near the normal school in Cedar Falls, and the defendants for the sake of profit agreed among themselves to purchase the same on joint account, plat it, and put the lots on the market for sale. Having so agreed, it was left to C. A. Rownd to arrange for the purchase and conveyance from the sister. The negotiations were carried on wholly by correspondence between said C. A. Rownd and plaintiff. A purchase having been made, title was taken in the name of W. H. Rownd, this being done pursuant to a mutual understanding, and the purpose thereof being simply to facilitate the platting of the tract and the subsequent conveyance of the lots. The small parcel of land, which is the subject of the alleged mistake, was at the time occupied by a public school building under a lease having several years to run. The letters passing between plaintiff and C. A. Rownd had been destroyed before this action was commenced, and oral evidence as to the contents thereof was admitted upon the trial. It is the testimony of plaintiff and of C. A. Rownd that the sale was made on the basis of $100 per acre; that it was the express understanding of the parties, and so stated in the letters, that the schoolhouse lot, so called, could not then be sold, and that the same was reserved by plaintiff. The deed was drawn by C. A. Rownd, and, in respect thereto, he says

that the schoolhouse lot was included therein contrary to
his intention, and by his oversight and mistake; that he
did not discover such mistake until December, 1900, when
the lot having become vacant, he procured an abstract of
title in connection with his attempt to make a sale thereof
on behalf of his sister; that, upon making such discovery,
he at once prepared a quitclaim deed for a reconveyance
to plaintiff, and presented the same to W. H. Rownd, and
requested execution thereof, which was refused.    Plaintiff
testifies that she was not familiar with land descriptions,
and that, in signing the deed, she did not carefully examine
the same; that she had perfect confidence in her brother,
and relied wholly upon his conduct of the business; that
she had no knowledge of the mistake until advised by her
brother C. A. Rownd in the year 1900.    S. H. Rownd tes-
tifies that, while he did not see the correspondence, it was
his understanding that the schoolhouse lot was reserved by
plaintiff, and that he did not know that such lot was
included in the deed description until in the year 1900.
On his own behalf, the defendant W. H. Rownd testifies
that in the letters shown him there was no mention of any
reservation of the schoolhouse lot; that he understood that
the entire strip was purchased; and he insists that, having
settled with his brothers for their respective interests, his
ownership of the lot is full and complete.

Without further statement as to the testimony of the
respective witnesses, we may say that a full reading thereof
satisfies us that a sale and purchase of the schoolhouse lot
was not intended, and that, in so far as the description in
the deed includes the same, it was by mutual mistake of
the parties.    We think we are also warranted in saying
that the defendant W. H. Rownd, at the time the lands
were purchased and paid for, must have understood that
the schoolhouse lot was not intended to be included.
Computed on the basis of $100 per acre, the entire strip
would amount to $975.    That only $925 was paid to plain-

tiff is not disputed. Both C. A. and S. H. Rownd say that the schoolhouse lot was valued at $50, and that amount was accordingly, and with full knowledge of all the parties, deducted from the total valuation. W. H. Rownd does not in any direct way testify in denial of such asserted fact. Moreover, C. A. Rownd was acting in the premises for W. H. Rownd, as well as for himself, and this by express authority. It is a well-settled rule that a principal cannot take undue advantage of a mistake made by his agent. The mistake of the agent becomes the mistake of the principal.

It is said in argument, however, that, admitting the fact of mistake, there can be no recovery because such mistake was confessedly the result of negligence, and that, where such appears, a court of equity will not decree reformation. The argument of counsel has the merit of being very ingenious; as applied to a case such as we have before us, it is likewise very unsound. Conceding that a mistake was made, natural fairness should prompt a brother to reconvey to his sister without requiring her to appeal to the courts for an enforcement of her rights. Having compelled the institution of this action, the courts will not, in view of the circumstances appearing, permit him to take advantage of the mistake, and enrich himself at the expense of his sister by holding fast the title to the land that, confessedly, he has not paid for. And this is especialy true inasmuch as it appears that the mistake was made by one who was acting in his behalf and by his authority. This position is not without support in the authorities. 3 Pomroy, Equity, section 1376; *Winans v. Huyck*, 71 Iowa, 459; *Herring v. Beaslee*, 92 Iowa, 391; *Sutton v. Risser*, 104 Iowa, 631.

We reach the satisfactory conclusion that the decree of the trial court was right, and it is AFFIRMED.